FERDINAND P. PEPIN ET AL., EXECUTORS OF ROBERT B.
   THOMPSON, DECEASED, PLAINTIFFS IN ERROR, v. THE
   CITY OF ELIZABETH, DEFENDANT IN ERROR.

1. According to the charter of the city of Elizabeth (*Pamph. L.* 1863, *p.*
   109), a person in whose favor an award is made for damages caused
   by opening a street through his land, may sue the city for the sum
   awarded and interest from the date of the award.
2. By force of the supplement to the charter, approved April 4th, 1873
   (*Pamph. L.*, *p.* 778), if an assessment for benefits accruing from the
   opening of a street be levied upon the land of an owner, in whose favor
   an award for damages caused by the opening had previously been
   made, the amount of the assessment becomes at once a payment *pro
   tanto* of the award, and the assessment is thereby extinguished, if it
   did not exceed the sum awarded and interest.
3. Under section 17 of the supplement above cited, the city comptroller
   cannot defeat a lawful claim against the city, without the claimant's
   consent, beyond the amount of the city's lawful counter-claim.

On error to the Supreme Court.

For the plaintiffs in error, *Joseph Coult.*

For the defendant in error, *James C. Connolly.*

The opinion of the court was delivered by

DIXON, J.   The plaintiff sues to recover the amount of
an award for $3,767 which was duly ratified by the common
council of the city of Elizabeth, on July 23d, 1872, in favor
of the plaintiff's testator, for damages caused by taking his
land in the opening of Pennington street. This award was
made under the city charter (*Pamph. L.* 1863, *p.* 109), sec-
tion 99 of which provides that the person entitled thereto
may sue for and recover from the city the sum awarded, with
interest from the date of the award.

On December 11th, 1876, the common council of the city
ratified an assessment of $3,921.62 against the plaintiff's tes-
tator for benefits accruing to his land from the opening of

the same street. This assessment was levied under the city charter and a supplement thereto, approved April 4th, 1873. *Pamph. L., p.* 778. By force of sections 110 and 111 of the charter, the city was authorized to sue the owner of the land assessed for the amount of the assessment, with interest from its date at seven per cent. per annum.

But section 2 of the supplement provides that no award for damages shall be paid until the assessment for benefits is deducted therefrom. The effect of this provision was to make the assessment, as soon as it was ratified, a payment *pro tanto* of the award (*Fink* v. *Newark*, 11 *Vroom* 11), and, of course, to extinguish the assessment, if it did not exceed the sum awarded and interest.

According to the foregoing, it is clear that the rights of the plaintiff and the city would be as follows:

Plaintiff's right—
Amount of award............................ $3,767 00
Interest from July 23d, 1872, to December 11th, 1876....................... 991 30
                                                    _____
                                                    $4,758 30
City's right—
Amount of assessment..................... 3,921 62
                                                    _____
Balance due plaintiff on December 11th, 1876 ........................ $836 68

The city, however, contends that the plaintiff's right was extinguished by the action of the city comptroller in setting off the award and assessment against each other and adjusting a balance of $154.62 in favor of the city, in supposed compliance with section 17 of the supplement above mentioned. But, clearly, that section gave the comptroller no power to defeat the landowner's claim by ignoring his statutory right to interest upon the award from its date, as that officer must have done to strike the balance stated.

The city also contends that the adjudication of the com-

missioners appointed under the so-called " Martin act" (*Rev. Sup., p.* 608) bars the plaintiff's claim. Their action was merely this : The city comptroller having reported to them that there stood against the land of the plaintiff's testator the balance of an assessment beyond an award amounting to $154.62 for the opening of Pennington street, they decided that no benefit had been received beyond the award and discharged the land. Evidently, this was not an adjudication that there was no balance due the landowner. If it had been, it seems that it would have been beyond the jurisdiction of the commissioners. *In re Commissioners of Elizabeth,* 20 *Vroom* 488, 498 ; *Norris* v. *Elizabeth,* 22 *Id.* 485.

The judgment of the Supreme Court in favor of the city must be reversed and the record remitted to the Supreme Court, in order that a judgment. may be entered in favor of the plaintiff for the amount of $836.68 and interest thereon from December 11th, 1876, unless within ten days the city shall apply for an order for a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, BOGERT, BROWN, KRUEGER, SIMS.  10.